# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 4:18 CR 115** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **DAYLEN HARRIS,** | ) | |
| | ) | |
| Defendant. | ) | |

On June 8, 2020, Defendant Daylen Harris filed a Motion for Compassionate Release to Home Confinement. **Doc #: 29**. Harris asks the Court for relief because he is concerned about contracting COVID-19 at FCI Elkton, where he resides. Id.

The statute authorizing compassionate release, 18 U.S.C. § 3582(c)(1), contains an exhaustion requirement. The exhaustion requirement mandates that a criminal defendant first ask the Bureau of Prisons (BOP) to bring a motion for compassionate release on his behalf. 18 U.S.C. § 3582(c)(1). Thereafter, a defendant may file a motion for compassionate release in the district court only after:

> the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ..

18 U.S.C. § 3582(c)(1)(A). This requirement is a "mandatory claim-processing rule" which must be enforced when properly invoked. *United States v. Alam*, — F.3d —, 2020 WL 2845694, at *5 (6th Cir. Jun. 2, 2020). The rule is properly invoked when the government timely raises it, but courts may enforce the exhaustion requirement *sua sponte*. *See United States v, Gayton-Garza*, 652 F.3d 680, 681 (6th Cir. 2011); *United States v. Jones*, No. 1:16 CR 344,

Doc #: 64 at 2 (N.D. Ohio Jun. 9, 2020) (Polster, J.). The pending Motion is silent as to whether Harris satisfied the exhaustion requirement. Accordingly, the Court *sua sponte* **denies** the pending motion **without prejudice**.

Harris may file a motion for compassionate release in this district court once he has presented his request to the warden of his facility and either (1) he has exhausted all administrative right to appeal the failure of the BOP to bring a motion on his behalf, or (2) 30 days pass from the day the warden received his request. This ruling acknowledges that the BOP is in the best position to know its inmates' medical conditions, the condition of its prisons, and the remedial actions taken. If the BOP's review is unsatisfactory, the longest a defendant has to wait before filing his motion in the district court is 30 days after the warden receives it.[1]

**IT IS SO ORDERED.**

> */s/ Dan A. Polster     June 10, 2020*
> **Dan Aaron Polster**
> **United States District Judge**

.

---

[1] On June 9, 2020, the Court appointed a Federal Public Defender who may assist Harris in refiling his motion once Harris has exhausted his administrative remedies.