# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 4:18 CR 115 |
| | ) | |
| **Plaintiff,** | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| **DAYEN HARRIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Defendant Daylen Harris's Motion for Compassionate Release, **Doc #: 33.** For the following reasons, Harris's Motion is **DENIED.**

## I. Background

Harris pleaded guilty to possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Doc #: 27. He was then sentenced to 96 months in custody of the Bureau of Prisons. *Id.* Harris is currently held at FCI Elkton and has an expected release date of October 21, 2025.

Harris first filed a motion for compassionate release on June 8, 2020, Doc #: 29, which the Court denied without prejudice on June 10, 2020, Doc #: 30. The Court then appointed an Assistant Public Defender to assist Harris with his Motion, and he filed the pending motion on July 16, 2020. Doc #: 33. The Government filed its response on July 22, 2020. Doc #: 34.

**II.     Discussion**[1]

Under § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community, and (3) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a).  *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

   **A.     Extraordinary and Compelling Reasons**

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1.  Here, the only relevant category is the fourth category, labeled "other reasons."  *Hardin*, 2020 U.S. Dist. LEXIS 90855, at *8.  To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak.  *Id.*

Harris suffers from heart failure and obesity, both of which increase the risk of grave complications from COVID-19 per the Centers for Disease Control and Prevention (CDC). Doc #: 33-1 at 4–5.  He also suffers from hypertension, which the CDC indicates may increase the risk.[2]  *Id.*  It is also undisputed that FCI Elkton has experienced a severe COVID-19 outbreak.  To date, 9 prisoners have died of coronavirus, and while 944 prisoners and 51 staff have

---

[1] A defendant must satisfy § 3582(c)(1)(A)(i)'s exhaustion requirement before filing a motion for compassionate release.  The Government does not contest that Harris has satisfied the exhaustion requirement. *See* Doc #: 34 at 1.

[2] *See* People of Any Age with Underlying Medical Conditions, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 3, 2020).

recovered from coronavirus, 57 prisoners and 2 staff remain infected.[3]  While these numbers are improving, this Court has previously noted that "no one can seriously say that Elkton is not still suffering a severe outbreak of the virus." *United States v. Kroffke*, Case No. 1:18 CR 1472020, U.S. Dist. LEXIS 111372,  at *2 (N.D. Ohio June 25, 2020).

On June 24, 2020, Harris tested positive for COVID-19.  Doc #: 33-1 at 11. However, there are no allegations or evidence that he received inadequate treatment for the virus or that he suffered grave complications from the infection.[4]  As courts have consistently concluded, a positive test for COVID-19 cannot demonstrate an extraordinary and compelling reason to justify release absent any symptoms, lasting complications, or inadequate care. *See United States v. Banner,* No. 2:12-CR-093, 2020 U.S. Dist. LEXIS 132060, at *6–8 (E.D. Tenn. July 27, 2020); *United States v. Gibson*, No. 2:09-CR-42, 2020 U.S. Dist. LEXIS 132059, at *7-8 (E.D. Tenn. July 27, 2020)*; United States v. Reece*, Case No. 16-20088-JAR, 2020 U.S. Dist. LEXIS 122316, at *15 (D. Kan. July 13, 2020); *United States v. Davis*, Case No. 06-20020-002, 2020 U.S. Dist. LEXIS 83155, at *4 (C.D. Ill. May 11, 2020); *United States v. Bogdanoff*, Criminal Action No. 12-CR-0190-1, 2020 U.S. Dist. LEXIS 81278, at *10–12 (E.D. Pa. May 8, 2020). Absent a supplemental filing, the Court thus assumes that Harris has fully recovered and has suffered no grave effects from his infection.

The Court does not discount Harris's fear of contracting COVID-19 at FCI Elkton in the future given the medical uncertainty as to whether persons who test positive for the virus have

---

[3] COVID-19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited August 4, 2020).

[4] The Court assumes Harris would have been transferred to a hospital if he were suffering grave complications, and that counsel would have filed a supplement if this were the case.

acquired an immunity to the virus.[5]  Nevertheless, that fear alone does not constitute an extraordinary and compelling reason to justify release at this time.  Even were the Court to conclude that Harris's existing medical conditions and the severity of the outbreak at FCI Elkton constitute such a reason, the Court would still proceed to analyze the remaining the compassionate release factors which do not bode well for Harris.

### B. Danger to Safety to Other Persons or Community

For a court to grant compassionate release, it must also find that the "defendant [is not] a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." *Hardin*, 2020 U.S. Dist. LEXIS 90855, at *5 (quoting United States Sentencing Commission, Guidelines Manual, § 1B1.13(2) (Nov. 2018)).  Section 3142(g) calls for courts to consider: (1) the nature of the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g)(1)-(4).

Upon weighing these factors, the Court finds that Harris is a danger to the safety of other persons and the community.  Harris argues that he is no longer a danger because he is a minimum-security inmate, has exhibited positive conduct in prison, participated in rehabilitative programs, and has a stable residence with family support awaiting him.  *See* Doc #: 33 at 9–11.  Even so, Harris pled guilty to the dangerous combination of possession with intent to distribute

---

[5] "We do not know yet if people who recover from COVID-19 can get infected again. CDC and partners are investigating to determine if a person can get sick with COVID-19 more than once. Until we know more, continue to take steps to protect yourself and others." *If I Have Recovered from COVID-19, Will I Be Immune to It (i.e., Can I Get It Twice)?*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://faq.coronavirus.gov/if-i-have-recovered-will-i-be-immune/ (last visited August 3, 2020).

cocaine while illegally possession a firearm.  Harris had previously been convicted of drug and firearm offenses, and he has repeatedly violated his past terms of probation, including by possessing a weapon while under disability.  *See* Doc #: 34 at 6.  Given the severity of Harris's criminal history and his repeated violations of probation, the Court is not persuaded that Harris is no longer a danger to the safety of others.

### C. Section 3553(a) Factors

Finally, the § 3553(a) factors do not favor release.  A court already considers these factors when sentencing a defendant.  Upon a motion for compassionate release, a court determines whether the changed circumstances cause the § 3553(a) factors to be weighed differently.  Generally, the § 3553(a) factors favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining.  *Hardin*, 2020 U.S. Dist. LEXIS 90855, at *10.  Here, Harris has served only 19 months of a 96 month sentence, including a 60 month minimum sentence for possession of a firearm in furtherance of a drug trafficking crime.  Thus, the § 3553(a) factors do not support granting compassionate release.

### III. Conclusion

For the above reasons, Harris's motion, **Doc #: 33**, is **DENIED.**

**IT IS SO ORDERED.**

    */s/Dan A. Polster     August 4, 2020*
**Dan Aaron Polster**
**United States District Judge**